## Case No. 10,373.

### NOYES et al. v. BRENT.

[5 Cranch, C. C. 656.] [1]

Circuit Court, District of Columbia. March Term, 1840.

MORTGAGE OF STOCK IN TRADE—POSSESSION—ACT OF MARYLAND OF 1729.

A mortgage of all of a man's stock in trade and debts due to him, to secure payment of a debt already due and payable by him to the mortgagee on demand, is void, as to creditors, unless the possession accompanied and followed the deed, although acknowledged and recorded according to the Maryland law of 1729, c. 8, § 5.

This was an attachment [by William Noyes and others against William L. Brent] under the act of assembly of Maryland of 1795, c. 56. The garnishee pleaded nulla bona. [See Case No. 10,372.]

William L. Brent was in possession of the stock in trade of a shoe store recently kept by Ezra Wilmarth, Junior, in the city of Washington, having taken possession of the same by virtue of a power of attorney, or other authority, from Ezra Wilmarth, Senior (the father of the defendant), and one Ephraim Foster (the brother-in-law of the defendant), to whom the defendant had, by bill of sale dated February 14th, 1834, conveyed the same in trust, to secure the payment of $2,000, due by the defendant to his father by a promissory note to him, of that date, payable on demand; and of $2,700 due by the defendant to the said Ephraim Foster, by a like promissory note. The goods are described in the deed, in the following manner: "All and singular the goods and chattels, household furniture and articles as particularly described upon the schedule marked A, annexed to and made part of this instrument of writing, being all the goods and chattels, merchandises and articles now in the store of the said Ezra Wilmarth, Junior, on Pennsylvania avenue, in Washington City in the District of Columbia, and every the debts and sums of money due and owing or payable to the said Ezra Wilmarth, and all books of accounts, bonds, bills, &c.; and also all additional stock, goods, and chattels, merchandises, articles and effects as, with the proceeds of the sale, (or by other means,) of said goods and chattels, merchandises, articles, and effects now in said store, may be purchased by said Ezra Wilmarth, Junior, and sent into his store to replace such sales as may have been made by him." And there is a proviso, that if the said Ezra Wilmarth, Junior, should "pay the said several sums of money with interest from this date, or from the date of the said several debts, whenever the said Ezra Wilmarth, Junior, shall be requested so to do;" "then these presents," &c., "shall cease," &c. And "it is further stipulated and agreed, that the said Ezra

[1] [Reported by Hon. William Cranch, Chief Judge.]

Wilmarth, Senior, and Ephraim Foster, or their heirs or legal representatives, are hereby authorized and empowered, as trustees of the said Ezra Wilmarth, Junior, to take possession of all the goods," &c., "herein bargained and sold as aforesaid, at any time they may think proper, and to sell and dispose of them at public or private sale, for cash or for credit, in the manner they may think best; and to pay themselves out of the proceeds thereof; and should any balance remain, after the aforesaid debt, with interest, and costs of sales deducted, then to pay the same over to the said Ezra Wilmarth, Junior," &c. The possession did not accompany and immediately follow the deed; but it was duly acknowledged and recorded according to the Maryland act of 1729, c. 8, § 5.

Upon the trial of the issue upon the plea of nulla bona,

R. J. Brent, for garnishee, offered in evidence, the aforesaid deed of trust, with evidence that Ezra Wilmarth, Senior, the father of the defendant, was a clergyman in Rowley, in Massachusetts, whose salary was $240 a year with a parsonage worth only $60 or $80 a year. And that the said Ephraim Foster was the brother-in-law of the defendant, and lived in Boxford in Massachusetts.

Mr. Marbury, for plaintiff, contended that the possession ought to have accompanied the deed, as it was to secure a present debt, then due and payable, having no time to run, with a power to the trustees to take immediate possession and sell, and no right of possession reserved to the mortgagor. That the possession of the mortgagor was inconsistent with the deed. And he prayed the court to instruct the jury, that this deed was fraudulent and void, as to the plaintiff, unless the possession accompanied and followed the deed, although it was acknowledged and recorded according to the Maryland act of 1729, c. 8, § 5.

R. J. Brent, contra. That principle is applicable only to absolute, unconditional deeds, not to mortgages. The deed recognizes the power of the grantor, to continue to sell the goods, and replace them by the purchase of others; this implies a continued right of possession in the defendant. His possession, therefore, was consistent with the deed. The trustees were not bound to take possession immediately. The debts were not payable until demanded, and whenever demanded, the defendant had a right to redeem: and a court of equity would permit him to redeem at any time before sale. Hamilton v. Russell, 1 Cranch [5 U. S.] 309; Edwards v. Harben, 2 Term R. 594; U. S. v. Hooe, 3 Cranch [7 U. S.] 73; Conrad v. Atlantic Ins. Co., 1 Pet. [26 U. S.] 449. It is sufficient if the possession be taken in a reasonable time after the mortgage becomes absolute. The act of Maryland, 1729, c. 8, § 5, rebuts the argument as

to secret fraud, and removes the objection as to the want of possession.

Mr. Marbury cited 2 Kent, Comm. 516; Gardner v. Adams, 12 Wend. 297; Look v. Comstock, 15 Wend. 244; Randall v. Cook, 17 Wend. 53.

THE COURT (nem. con.) instructed the jury as prayed by Mr. Marbury.

Verdict for the garnishee, on the plea of nulla bona.